## LYNCH v. GARLAND.

No. 1504.   Opinion Filed May 14, 1912.

(124 Pac. 55.)

**INDIANS—Indian Lands—Allotment.** By reason of section 22 of an act of Congress, approved July 1, 1902 (chapter 1375, 32 U. S. St. at L. p. 716; 1 Kappler's Indian Affairs, Laws and Treaties, p. 789), the Commissioner to the Five Civilized Tribes, upon motion made before him, and the Secretary of the Interior, on appeal from an order of said Commissioner, have power at any time before the issuance of patent to an allottee of the Cherokee tribe of Indians, upon notice to such allottee and after hearing, to cancel and set aside a judgment of the Commissioner in a contest awarding to the allottee as contestant the lands allotted to him, when such judgment was procured without service of notice of contest upon the contestee, and without an opportunity given to the contestee to be heard, but upon a false and fraudulent affidavit made by the contestant or one acting for him, showing that such service had been made.

(Syllabus by the Court.)

*Error from District Court, Rogers County;*
*T. L. Brown, Judge.*

Action by Charlotta E. Garland against Elzira Lynch, a minor. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*Starr & Patten,* for plaintiff in error.

*J. B. Rutherford* and *Parker, Rider & Brown,* for defendant in error.

HAYES, J.   The material facts in this case are so similar to the facts in *Lynch et al. v. Harris, ante,* 124 Pac. 50, that it presents identically the same question of law that was presented and

decided in that case, and it follows upon the authority of that case that the judgment of the trial court should be reversed and the cause remanded, with instructions to enter judgment denying the defendant in error the relief prayed for in his petition filed in the trial court; and it is so ordered.

TURNER, C. J., and WILLIAMS, KANE, and DUNN, JJ., concur.